**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-2293**

───────────────

OPEN JUSTICE BALTIMORE; ALISSA FIGUEROA; BRANDON
SODERBERG,

                Plaintiffs – Appellants,

        v.

BALTIMORE CITY LAW DEPARTMENT; JAMES SHEA, in his official
capacity as City Solicitor; STEPHEN SALSBURY, in his official capacity as Chief
of Staff to the City Solicitor; LISA WALDEN, in her official capacity as Chief
Legal Counsel; BALTIMORE POLICE DEPARTMENT; MICHAEL HARRISON,
in his official capacity as Police Commissioner; MAYOR AND CITY COUNCIL
OF BALTIMORE,

                Defendants – Appellees.

------------------------------

NATIONAL POLICE ACCOUNTABILITY PROJECT,

                Amicus Supporting Appellants.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Ellen Lipton Hollander, Senior District Judge.  (1:22-cv-01901-ELH)

───────────────

Argued:  October 29, 2024                Decided:  December 20, 2024

───────────────

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Jacob Robbins, Chelsea Summers, VANDERBILT LAW SCHOOL, Nashville, Tennessee, for Appellants. Gregory Thomas Fox, BALTIMORE CITY DEPARTMENT OF LAW, Baltimore, Maryland, for Appellees. **ON BRIEF:** Jennifer Safstrom, First Amendment Clinic, VANDERBILT LAW SCHOOL, Nashville, Tennessee; Matthew Zernhelt, BALTIMORE ACTION LEGAL TEAM, Baltimore, Maryland, for Appellants. Ebony M. Thompson, City Solicitor, Michael Redmond, Director, Appellate Practice Group, Hanna Marie C. Sheehan, Chief Solicitor, BALTIMORE CITY DEPARTMENT OF LAW, Baltimore, Maryland, for Appellees. Keisha James, Washington, D.C., Lauren Bonds, Eliana Machefsky, NATIONAL POLICE ACCOUNTABILITY PROJECT, Kansas City, Kansas, for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Plaintiffs — Open Justice Baltimore ("Open Justice"), Alissa Figueroa, and Brandon Soderberg — pursue this appeal from the District of Maryland's August 2023 dismissal of their operative Complaint in this matter. They jointly allege three claims under the First Amendment and its state counterpart — Article 40 of the Maryland Declaration of Rights — plus violations of the Maryland Public Information Act (the "MPIA") and the Maryland Police Accountability Act (the "MPAA"). The Complaint seeks relief from seven defendants, i.e., the Baltimore City Law Department (the "Law Department"); the Mayor and City Council of Baltimore ("Baltimore City"); the Baltimore Police Department (the "BPD"); plus the Police Commissioner and three lawyers in the Law Department. As explained herein, we affirm the dismissal rulings of the district court. *See Open Just. Balt. v. Balt. City Law Dep't*, 2023 WL 5153654 (D. Md. Aug. 10, 2023) (the "Opinion").

## I.

### A.

The Plaintiffs have a goal of securing records of Baltimore City and the BPD in order to better inform the public about law enforcement misconduct. Open Justice seeks to make reports involving police misconduct publicly available in a searchable database on its website, called bpdwatch.org. Soderberg and Figueroa — an author and journalist, respectively — report on police misconduct in Maryland and elsewhere, and seek to continue their efforts. Between December 2019 and May 2022, the Plaintiffs submitted 18 voluminous requests for records to the BPD and Baltimore City pursuant to the MPIA, and

asked that all costs and fees relating to production of the requested records be waived. Those requests — which were included in the more than 200 pages of exhibits made part of the Complaint — related to, inter alia, records of civilian complaints against Baltimore City's police officers, plus records of internal BPD investigations, officer personnel files, arrest reports, and related materials.

The MPIA — Maryland's freedom of information law — provides for a public right to inspect records of the State and the political subdivisions of Maryland. *See* Md. Code §§ 4-101, *et seq.*, of the General Provisions Article ("G.P."), amended by the MPAA in 2021, G.P. § 4-351(a)(4), (c)-(e). The MPIA and the MPAA together provide, inter alia, that internal records concerning police discipline and complaints against law enforcement personnel may be released to the public, subject to certain exceptions. *See*, *e.g.*, *id.* § 4-351(a)(4).

The MPIA mandates a records custodian to review requested records individually, and determine whether they can be released, inspected, or copied. It also authorizes a record custodian to deny or limit access to documents in specific circumstances. *See* G.P. § 4-201(a)(1)-(2). The MPIA allows the State agencies to charge a reasonable fee for expenses incurred in "the search for, preparation of, and reproduction of a public record," and, in circumstances where "the waiver would be in the public interest," authorizes such agencies to grant full or partial fee waivers. *See* G.P. § 4-206(b)(i)-(iii), (e).

B.

On June 30, 2022 — after receiving what the Plaintiffs allege to be obstructive and inadequate responses to their MPIA record requests, and facing the imposition of expensive

4

preparation and reproduction fees — the Plaintiffs filed this lawsuit in the Circuit Court for Baltimore City.

On August 2, 2022, the defendants, alleging federal question jurisdiction, removed the lawsuit to the District of Maryland. After removal, the Plaintiffs filed their operative Complaint. As relevant here, the Complaint alleged three federal constitutional claims of viewpoint- and content-based discrimination and retaliation, in violation of the First Amendment, and sought to pursue those claims under 42 U.S.C. § 1983. The Complaint also alleged free speech claims under the Maryland Declaration of Rights, plus state law claims under the MPIA and the MPAA.

On November 7, 2022, the defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. After briefing, the district court, by its 59-page August 10, 2023 Opinion, dismissed the 42 U.S.C. § 1983 claims and remanded the state law claims to the Circuit Court for Baltimore City. After the Opinion was filed, the Plaintiffs moved to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59. That motion was denied on November 17, 2023, by the court's 31-page memorandum opinion. *See Open Just. Balt. v. Balt. City Law Dep't*, 2023 WL 8004885, at *1 (D. Md. Nov. 17, 2023) (the "Rule 59 Denial").

On December 13, 2023, the Plaintiffs timely filed this appeal, contending therein that the district court erred in dismissing their § 1983 federal constitutional claims, i.e., those alleged in Counts I, II, and III, against the BPD and Baltimore City. Those claims alleged viewpoint discrimination, content-based discrimination, and retaliation, each in

violation of the First Amendment.  We possess jurisdiction of the appeal pursuant to § 1291

of Title 28.  As explained below, we are satisfied to adopt both the comprehensive Opinion

and the Rule 59 Denial, and we therefore affirm the judgment.

## II.

We have carefully examined the record on appeal, including the various requests

for official records that are appended to and made part of the Complaint.  *See Weidman v.*

*Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) ("[W]e review a grant of a motion

to dismiss for failure to state a claim de novo.").[1]  When assessing a Rule 12(b)(6) motion,

we are entitled to "also consider documents that are explicitly incorporated into the

complaint by reference, and those attached to the complaint as exhibits."  *See Goines v.*

*Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal citations omitted).

Like the district court, and having assessed the relevant issues de novo, we are

constrained to conclude that the Plaintiffs failed to allege facts sufficient to plausibly show

that the defendants engaged in viewpoint discrimination, content-based discrimination, and

---

[1] Because this is an appeal from a Rule 12(b)(6) dismissal, we are obliged to "accept as true all of the factual allegations contained in the complaint."  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  But "such deference is not accorded to legal conclusions stated therein."  *See Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012); *see also* Opinion, 2023 WL 5153654, at *13 ("However, a court is not required to accept legal conclusions drawn from the facts.").  "[L]ike the district court, we draw all reasonable inferences in favor of the plaintiff."  *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *see also* Opinion, 2023 WL 5153654, at *13 ("In reviewing a Rule 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint, and must draw all reasonable inferences from those facts in favor of the plaintiff.").

6

retaliation, in violation of the First Amendment. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

### III.

Adhering to the sequence of claims assessed in the Opinion's analysis, we will first briefly evaluate the Plaintiffs' contentions concerning viewpoint- and content-based discrimination, including those regarding municipal liability against the BPD and Baltimore City. We will then summarize our views on the Plaintiffs' claim of retaliation.

### A.

Section 1983 of Title 42 authorizes a cause of action in federal court against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *See* 42 U.S.C. § 1983. In other words, to allege a plausible cause of action under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). That is, "[§] 1983 itself creates no rights; rather it provides a method for vindicating federal rights elsewhere conferred." *See Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999) (internal quotation marks omitted).

As an initial matter, it is important to observe that the First Amendment does not "mandate[] a right of access to government information or sources of information within

the government's control." *See Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality opinion); *see also Fusaro v. Cogan*, 930 F.3d 241, 249-50 (4th Cir. 2019). And we have recognized that "there is generally no First Amendment claim based on the government's denial of access" to information "compiled, controlled, and maintained by the government." *See Fusaro*, 930 F.3d at 250. Put otherwise, the Constitution — and its First Amendment — does not mandate that the BPD or Baltimore City disclose official records requested by the Plaintiffs. *See Houchins*, 438 U.S. at 14-15.

### B.

With that background, we turn briefly to the allegations of Counts I, II, and III of the Complaint, which embody the claims on appeal. With respect to the claims of viewpoint and content-based discrimination, i.e. Counts I and II, the Plaintiffs have — as the Opinion ruled — failed to allege facts demonstrating that the defendants prevented them from speaking, or restricted their speech "based on its substantive content or the message it conveys." *See Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828 (1995).

The Plaintiffs asserted their viewpoint- and content-based discrimination claims against the BPD and Baltimore City pursuant to the Supreme Court's 1978 decision in *Monell v. Department of Social Services*, alleging that they engaged in persistent and widespread practices that amounted to an "official municipal policy." *See* 436 U.S. 658 (1978); *see also Lozman v. Riviera Beach*, 585 U.S. 87, 95 (2018) (explaining in *Monell* that "a city or other local governmental entity cannot be subject to liability [under § 1983] at all unless the harm was caused in the implementation of official municipal policy").

8

As the Opinion explained, the Complaint alleged "scattershot accusations of unrelated constitutional violations" that are insufficient to establish that the alleged discriminatory acts resulted from an official municipal policy of the BPD or Baltimore City, as required by *Monell*. *See* Opinion, 2023 WL 5153654, at *24 (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)); *see also Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 403-04 (4th Cir. 2014) ("Sporadic or isolated violations of rights will not give rise to *Monell* liability."). And the Opinion carefully discussed how Maryland's 2021 enactment in the MPAA — also known as "Anton's Law" — impacted the defendants' conduct. In so doing, the Opinion recited that:

> [T]he allegations and exhibits here reveal that BPD was aware of its obligations under the MPIA. However, over a relatively short period of time, three requestors made extensive record requests to the BPD, and at a time when the law was evolving and the BPD had to consider the statutory change. Specifically, the MPIA was amended by Anton's Law, effective October 1, 2021.
>
> . . . Given the recent passage of Anton's Law in relation to some of the requests, BPD hardly had time to formulate a "widespread and permanent practice necessary to establish [a] custom." And, the allegations, even if proven, do not establish a custom or policy "with the force of law."

*See* Opinion, 2023 WL 5153654, at *25 (internal citations omitted).

The Plaintiffs' claim that the BPD and Baltimore City retaliated against them by restricting access to official records, i.e., Count III, similarly fails, in that the Plaintiffs — as the Opinion recites — failed to allege facts demonstrating a plausible "causal relationship" between their protected speech and alleged retaliation. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005); *see also*

9

*Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (explaining that protected expression must be "but for" cause of retaliation).  As the Opinion further explained,

> [T]he alleged retaliation is "based on Plaintiffs' filing of this lawsuit." However, in Count III . . . [P]laintiffs fail to allege which specific actions, if any, were taken by defendants after the filing of this suit on June 30, 2022. For instance, [P]laintiffs assert only that "Defendants impermissibly retaliated against Plaintiffs' protected speech by placing numerous restraints on Plaintiffs' access to public records."  But, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a constitutional violation.  *Iqbal*, 556 U.S. at 681, 685.

*See* Opinion, 2023 WL 5153654, at *27.

We readily agree with the district court, in that the Complaint "contains no allegations that, if proven, would establish that defendants considered Plaintiffs' viewpoints or content when responding to the requests," nor does the Complaint allege any "specific actions . . . taken by defendants after the filing of this suit" that constituted retaliation.  *See* Opinion, 2023 WL 5153654, at *27.

### C.

Finally, the district court reasoned that there was an "obvious alternative explanation" for the defendants' alleged unconstitutional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (quoting *Twombly*, 550 U.S. at 567).  That is, the Plaintiffs' requests were so numerous and broad that they exceeded the defendants' capacity to respond as quickly and inexpensively as the Plaintiffs demanded.[2]  Therefore, delays in

---

[2] The Opinion, recognizing that "it is somewhat difficult to summarize the content" of the 44 voluminous exhibits appended to the Complaint, included within it a representative records request submitted by Open Justice to the BPD "to illustrate the scope and the complexity of many of the requests."  *See* Opinion, 2023 WL 5153654, at *5.

producing the records being sought resulted from the defendants "simply discharging their responsibility," under the MPIA, "to evaluate each request individually." *See* Rule 59 Denial, 2023 WL 8004885, at *12. Put simply, the defendants' alleged conduct could only — at best for the Plaintiffs — "suggest [a] bureaucratic dysfunction." *Id.* at *14.

With regard to the Plaintiffs' contentions that their access to the requested records was restricted by the alleged expensive fees being imposed, the Rule 59 Denial explained that the BPD and Baltimore City found it necessary to hire third-party vendors and outside counsel to conduct the essential "intensive document review" required in responding to the Plaintiffs' voluminous records requests. *See* Rule 59 Denial, 2023 WL 8004885, at *13. In such circumstances, the BPD and Baltimore City simply requested reimbursement for the third-party fees incurred — "costs that the defendants had not previously agreed to waive." *Id.*

Having carefully assessed the record and the various submissions of the parties, and with the benefit of oral argument, we are satisfied that the district court did not err in its dismissals of the three § 1983 First Amendment claims. In further support thereof, we are also satisfied to adopt the court's carefully crafted, thoughtful, and well-reasoned Opinion, as well as its comprehensive Rule 59 Denial.

IV.

Pursuant to the foregoing, the Appellants' contentions are rejected, and the judgment of the district court is affirmed.

*AFFIRMED*

11